## DANIEL CARR *vs.* INHABITANTS OF WARREN.

A town voted to pay seven dollars a month to soldiers, before there was any statute authorizing such a vote. The St. of 1861, *c.* 222, was then passed, providing that all such contracts then subsisting should terminate in ninety days. More than ninety days afterwards, a citizen of the town enlisted upon its quota in the military service of the United States. In 1865, after his discharge from service, the town voted to pay him and others seven dollars a month for the time they respectively had served. *Held,* that he could not maintain an action against the town to recover said sum.

CONTRACT against a town to recover seven dollars a month for thirty-six months' service as a soldier. The following facts were agreed in the superior court :

On May 2, 1861, the town of Warren voted to pay to all volunteers of their citizens who might be received into the military service of the United States seven dollars a month while in actual service. On September 24, 1861, the plaintiff, a citizen of Warren, volunteered, enlisted, and was received into the military service, as a part of the quota of the town, and continued in actual service for three years, when he was honorably discharged. On April 10, 1865, the town voted to pay him and others seven dollars a month for their time in actual service. The plaintiff demanded this bounty, which was refused.

Judgment was ordered for the plaintiff; and the defendants appealed.

*J. L. Stackpole,* for the plaintiff.

*P. E. Aldrich,* for the defendants.

GRAY, J. This case falls within the recent decisions of this court, in which, upon full consideration, the construction and effect of the statutes upon this subject have been determined. Towns have no authority to promise or pay money for raising soldiers, without authority of the legislature. The defendants' vote of May 2, 1861, was passed before, and the plaintiff did not enlist until three months after, the St. of 1861, *c.* 222, took effect, by which existing contracts for that object were continued in force ninety days and then terminated. and all similar contracts were prohibited for the future ; and therefore acquired no force by virtue of the St. of 1863, *c.* 38. *Grover* v. *Pembroke,* 11

Allen, 88. *Curtis* v. *Pembroke*, Ib. 92. The vote of April 10, 1865 was passed after the military service of the plaintiff had ended and was therefore unauthorized by any subsequent statute. Sts. 1863, *c.* 91; 1864, *cc.* 103, 120; 1865, *c.* 152. *Fowler* v. *Selectmen of Danvers*, 8 Allen, 80.

*Judgment for the defendants.*